**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**RENEE C. VENISKEY,**

                **Plaintiff,**                Civil Action No.

-against-                                        **COMPLAINT**

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

                **Defendant.**

---

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for the violation by Defendant Portfolio Recovery Associates, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Portfolio Recovery Associates, LLC was an alleged consumer credit debt of Renee C. Veniskey to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Renee C. Veniskey (hereinafter called "Veniskey") is a natural person residing in the County of Monroe at 201 Valley Drive, Penfield, New York

14526.

4.	Upon information and belief, Defendant, Portfolio Recovery Associates, LLC (hereinafter called "Portfolio"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.	Portfolio is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase.  Upon information and belief, Portfolio purchased the consumer credit debt alleged to be owed by Veniskey after it was already in default.

6.	Veniskey qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

**IV.	FACTUAL ALLEGATIONS**

7.	Portfolio commenced a lawsuit against Veniskey in the City Court of the City of Rochester, County of Monroe, State of New York, within the past year by service of a Summons and Complaint filed in the City Court Clerk's Office in November of 1013.  The City Court action was for the purpose of collecting consumer credit debt allegedly owed by Veniskey to Portfolio.  The consumer credit debt was allegedly purchased by Portfolio from account seller HSBC Bank Nevada, N.A./Capital One Bank (USA).  The

Complaint alleged that Veniskey resided in the Town of Penfield.

8. Subsequent to the service of the Summons and Complaint, Veniskey duly served a motion to dismiss the Complaint on the grounds that Rochester City Court lacked jurisdiction.

9. Specifically, pursuant to N.Y. Uniform City Court Act § 213, in an action described in N.Y. Uniform City Court Act § 202 [for the recovery of money], a plaintiff or defendant must "be a resident of the city or of a town contiguous to such city" by land to be properly brought in the City Court of that City.  Uniform City Court Act § 1002(b) provides that an "objection based upon § 213(a) of this act, relative to residence or business within the city, shall be treated, for purposes of this section and N.Y. CPLR 3211, as if it were an objection under N.Y. CPLR Rule 3211(a)(8), relative to the court's jurisdiction of the person of the defendant."

10. Veniskey's residence address was in the Town of Penfield, County of Monroe, State of New York, which is not contiguous to the City of Rochester, New York.

11. At a motion term of the City of Rochester City Court held on March 26, 2014, the Court granted Veniskey's motion to dismiss the Complaint based on CPLR Rule 3211(a)(8) since the City Court of the City of Rochester was not an appropriate court in which to bring Portfolio's Complaint.

### V.  CLAIM FOR RELIEF

12. Veniskey repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

13. By bringing the collection Complaint against Veniskey in City Court of the

City of Rochester, despite the fact that Veniskey did not reside in the City of Rochester or a town contiguous by land to the City of Rochester, as required under New York law, Portfolio violated 15 U.S.C. § 1692i(a), which states in relevant part in regard to Venue as follows:

> Any debt collector who brings any legal action on a debt against any consumer shall —
> . . .
> (2) . . . bring such action only in the judicial district or similar legal entity —
>   (A) in which such consumer signed the contract sued upon; or
>   (B) in which such consumer resides at the commencement of the action.

14. Veniskey is responsible for attorney fees for defending the Rochester City Court action against her in the amount of $750.

15. As a result of Portfolio's violation of 15 U.S.C. § 1692i, Veniskey is entitled to her actual damages (including but not limited to attorney fees in obtaining a dismissal of the collection action in Rochester City Court), statutory damages, attorney fees for this FDCPA action, and costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Portfolio awarding Veniskey actual damages (including but not limited to attorney fees in the amount of $750 for defending the Rochester City Court action), statutory damages, attorney fees in prosecuting the FDCPA action, costs and disbursements of this action, and such other and further relief as may be deemed just and proper.

Dated: April 10, 2014

                                            Respectfully submitted,

                                            s/David M. Kaplan
                                            David M. Kaplan
                                            Attorney for Plaintiff
                                            2129 Five Mile Line Road
                                            Penfield, NY 14526
                                            585-330-2222

5

dmkaplan@rochester.rr.com